UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROY VERNON HALL, SR., | ) |
| SHEILA FISH, | ) |
| ROY VERNON HALL, JR., and | ) |
| WILLIAM GLENN HALL, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 4:05CV2052 HEA |
|  | ) |
| THE HOLMES GROUP, INC. and | ) |
| HOME DEPOT U.S.A., INC., | ) |
|  | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant The Holmes Group, Inc.'s Motion to Transfer, [#6]. Plaintiff opposes this motion and has filed a written opposition thereto. For the reasons set forth below, Defendant's motion is denied.

### Facts and Background

In August, 2005, Plaintiffs filed this cause of action in the Circuit Court of the City of St. Louis, Missouri, alleging Defendants the Holmes Group, Inc. ("Holmes") and The Home Depot U.S.A., Inc. ("Home Depot") are liable for designing, manufacturing, and distributing a space heater, thereby causing a fire which resulted in the death of Betty Hall, the wife and mother to the above-named Plaintiffs. The space heater in question was allegedly being used by Mrs. Hall in her home in Kansas

City, Missouri when it caused the fire.

Plaintiffs are residents of the State of Missouri, with the exception of Sheila Fish, who resides in Galena, Kansas. Defendant Holmes is a corporation organized and incorporated in the State of Massachusetts, with its principal place of business in Massachusetts. It merged with and became JCS/THG, LLC, doing business as The Holmes Group, a Delaware limited liability company with its principal place of business in Massachusetts. Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. Home Depot has a registered agent located in the Eastern District of Missouri, but does not have a registered agent in the Western District. Defendants properly removed this cause to federal court based upon diversity of citizenship.

On November 23, 2005, Defendant filed the instant motion, pursuant to 28 U.S.C. § 1404(a), requesting this case be transferred to the Western District of Missouri.

## **Discussion**

Defendant Holmes urges this Court to transfer this cause to the Western District of Missouri pursuant to the provisions of 28 U.S.C. § 1404(a), which provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Holmes argues that the accident resulting in Mrs. Hall's death took place in Kansas City, which is located in the Western District of Missouri.[1] An investigation into the cause of the fire was conducted in Kansas City by members of the Kansas City Fire Department, and the Kansas City Police Department. Holmes also alleges that prior to the death of Mrs. Hall, she and her husband, Roy Hall, Sr., resided in Kansas City, and claims that although Plaintiffs do not list their current addresses in their Petition, it is believed that all Plaintiffs reside within the boundaries of the Western District of Missouri.[2]

In any determination of a motion to transfer under Section 1404(a), the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed. *Houk v. Kimberly-Clark Corp.,* 613 F. Supp. 932, 927 (W.D. Mo. 1985) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir. 1970), *cert. denied,* 401 U.S. 910 (1971) (plaintiff's choice of forum is "paramount consideration")). It is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. *Id.* (citations

---

[1]It is undisputed by the parties that this cause of action might have been brought in the Western District of Missouri.

[2]Defendant notes that even if one of the Plaintiffs is discovered to reside in the Eastern District of Missouri, its motion to transfer analysis remains unchanged, since the operative facts took place and the fact witnesses are to be found in Kansas City, Missouri.

omitted).  Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied.  *Id.;* see also *General Committe of Adjustment GO-386 v. Burlington Norther R.R.,* 895 F. Supp. 249, 252 (E.D. Mo. 1995).  "Concomitantly, a transfer which would merely shift the inconvenience from one party to another should not be granted."  *Houk,* 613 F. Supp. at 927-28.

The Court considers the three factors expressed in Section 1404(a) in determining whether or not to transfer venue: The convenience of the parties, the convenience of the witnesses, and whether the transfer would be in the interest of justice.  *May Dept. Stores Co. v. Wilansky,* 900 F. Supp 1154, 1165 (E.D. Mo. 1995). Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under Section 1404(a).  *Wilansky,* 900 F. Supp at 1165 (citing *Houk,* 613 F. Supp. at 927).  "Additional factors which may be considered include: [P]ractical problems that make trial of a case  easy, expeditious and inexpensive, such as access to sources of proof and availability of compulsory process for witnesses and expenses attendant to the production of witnesses; the relative advantages and obstacles to fair trial, and the relative congestion of the calendars of the potential transferee and transferor courts."  *Id.* (citing *Wooldridge v. Beech Aircraft Corp.,* 479 F. Supp. 1041, 1057 (W.D. Mo. 1979)).  The Court may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant.  *Id.* at

1166 (citing *St. Louis Federal Savings and Loan Ass'n v. Silverado Banking, Savings and Loan Ass'n,* 626 F. Supp. 379, 383 (E.D. Mo. 1986) and *Wooldridge,* 479 F. Supp. at 1057); see also *Anheuser-Busch, Inc. v. City Merchandise,* 176 F. Supp.2d 951, 959 (E.D. Mo. 2001).

**Convenience of the Parties**

Defendant Holmes first argues that it is more convenient for the parties to litigate this case in the Western District of Missouri. Holmes claims that all Plaintiffs reside in the Western District of Missouri, and that, therefore, the Western District is more convenient for them. Holmes fails to appreciate the fact that if the Western District had been more convenient for Plaintiffs, then they most certainly would have filed suit there. Plaintiffs chose to file suit in the Eastern District of Missouri, because their chosen counsel resides in the Eastern District, and litigation in the Western District would force them to incur additional costs and attorney's fees due to the travel requirements of their counsel. Further, Holmes' argument that litigation in the Western District would benefit Defendants is without merit. By Holmes' own admission, Defendants are residents of foreign states. Holmes has stated: "For them, there is little distinction between the Western and Eastern Districts of Missouri." Therefore,

Holmes' argument as to the convenience of the parties is not well-taken.[3]

**Convenience of the Witnesses**

Holmes next claims that it is more convenient for the witnesses for in having the matter litigated in the Western District of Missouri. Holmes argues that since the fire, which was allegedly caused by the defective space heater, occurred in the Western District, and members the Kansas City Fire Department conducted their fire investigation in the Western District, it is more convenient to litigate the case there.

While the convenience of the witnesses is said to be a primary, if not the most important factor in passing on a motion to transfer under § 1404(a), *Wilansky,* 900 F. Supp at 1165, Holmes does not propose that such witnesses will actually be called to testify at trial. Plaintiffs correctly point out that to assure that moving parties don't simply compile an artificial list of witnesses who may not even possess relevant information to support their request for transfer, the courts make it clear that merely supplying such a list is insufficient without particularity:

---

[3]Holmes cites to a case from the Southern District of New York, *Allied Int'l Products, Ltd., v. Textron Indus., Inc.,* 382 F. Supp 210 (S.D.N.Y. 1974), for the premise that where a plaintiff sues in a forum which is not plaintiff's home and to which plaintiff has no ties to the controversy, plaintiff's choice of forum is to be accorded less weight than would ordinarily be the case. The *Allied* case, however, is not on point. The plaintiff in *Allied* was neither a resident of the forum state nor the transferring state--it was a corporation located in India. Further, the defendant corporation actually had its principal place of business in the transferring district. Here, Plaintiffs are residents of the state of Missouri, save one, who resides approximately 150 miles from Kansas City, and Defendant Home Depot actually has a registered agent in the Eastern District of Missouri. Home Depot does not have a registered agent in the Western District.

> This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issue of the case. As a result, it is the burden of the party seeking transfer to specify clearly the key witnesses to be called and indicate what their testimony will entail.

*Houk,* 613 F. Supp. at 929 (citations omitted); see also *American Standard v. The Bendix Corp.,* 487 F. Supp. 254, 264 (W.D. Mo. 1980) ("if the party moving for transfer merely makes an allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied"); *Enterprise Rent-A-Car v. U-Haul Int'l,* 327 F. Supp.2d 1032, 1046 (E.D. Mo. 2004) ("it is the burden of the party seeking transfer to specify clearly the key witnesses to be called and indicate what their testimony will entail").

Holmes does not indicate that it plans to call witnesses from the Kansas City Fire or Police Departments, nor does it specify what their testimony would encompass. In fact, Holmes admits it has retained an expert witness from Fort Wayne, Indiana to testify as to the fire's cause and origin. Plaintiffs claim this expert witness has already performed a site investigation at the scene of the fire and that the scene has been released from further investigation. There can be no further inspection or gathering of evidence from the scene of the fire, since the relevant artifacts gathered from the scene, including the space heater, are in the possession of Plaintiff's expert witness, who is

located in Atlanta, Georgia. Thus, Holmes' argument that the Western District is more convenient for the witnesses is without merit. The retained cause and origin experts, who are more likely to testify at trial than are public fire personnel, are located closer to the Eastern District than the Western District of Missouri. Therefore, the motion for transfer based on the convenience of witnesses will be denied.

**Interests of Justice**

Holmes argues the interests of justice are better served by litigating this matter in the Western District of Missouri. Holmes claims transfer is justified due to supposed lack of judicial process to compel the appearance in this forum of the witnesses from the Kansas City Fire Department, who reside beyond the 100-mile limit of this Court's subpoena power. Holmes' argument that the public fire personnel are not subject to the subpoena power of the Eastern District implies a misreading of Rule 45 of the Federal Rules of Civil Procedure, which provides that witnesses may be commanded to travel from any such place within the state in which the trial is held. FED. R. CIV. P. 45 (c)(3)(A)(ii). In any event, the mere statement by Holmes that certain witnesses are not subject to subpoena is insufficient. Even if judicial process to compel the attendance of certain witnesses was lacking, it is not a controlling factor where, as in the present case, a defendant's argument merely assumes that the witnesses in question would not appear at trial voluntarily. *Houk,* 613 F. Supp. at 931 (citations omitted).

It might further be noted that Holmes has not shown that use of video-taped depositions would be inadequate. *Id.* Defendants' co-counsel has at least one office in Kansas City, Missouri, which would enable witnesses in the area to appear for depositions. As such, Holmes has failed to show that compelling the attendance of certain witnesses makes the Eastern District less convenient or contrary to the interests of justice. Nevertheless, as discussed, Holmes has made no showing that the public fire personnel will actually be called as witnesses nor has it specified what their testimony at trial would entail.

**Additional Factors**

Holmes' argument that access to evidence or proof is more convenient in the Western District is unfounded. As stated, *supra,* expert witnesses have already performed an investigation of the fire scene, and the scene has been released from further investigation. There can be no further inspection or gathering of evidence from the scene of the fire, since the relevant artifacts gathered from the scene, including the space heater, are in Atlanta, Georgia in the possession of Plaintiff's expert witness.

Finally, Holmes argues that "[w]hile the Eastern District of Missouri is thoroughly conversant with the law of the state of Missouri, the Western District is equally conversant. This factor, therefore, favors transfer." This statement is in stark contrast to the case-law on this issue. Holmes, itself, has acknowledged the established

standard for transfer pursuant to Section 1404(a)--that the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed. It is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, a plaintiff's choice of forum should not be disturbed. Holmes' argument that transfer is favored because both districts are equally conversant with the law of the State of Missouri belies the tenet that a court may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant. Holmes has failed to show that balance of relative considerations tips strongly toward it. Therefore, transfer on the basis of these additional factors is not warranted.

## Conclusion

Movant has failed to show that the convenience of the parties or witnesses or the interests of justice would be substantially enhanced by transfer of this cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's The Holmes Group, Inc.'s

Motion to Transfer, [#6], is denied.

Dated this 18th day of January, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE